UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSE JESUS BARRAGAN JIMENEZ,<br><br>    Petitioner,<br><br>v.<br><br>JARROD THOMPSON, Jail Administrator, Mini-Cassia Criminal Justice Center; THOMAS E. FEELET, Field Office Director, ICE Enforcement and Removal Operations, Salt Lake City Field Office DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General, U.S. Department of Justice; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,<br><br>    Respondents. | Case No. 4:26-cv-00402-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Jimenez's pro se Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2). The Court expedited briefing on the matters. Dkt. 3. The Government now moves to dismiss this entire case because Jimenez is incarcerated in Washington. Dkt. 5. Upon review, and for the reasons set forth below, the Court GRANTS the Government's Motion to Dismiss.[1]

---

[1] Although the time for Jimenez to reply has not yet run, no reply is necessary under the circumstances.

MEMORANDUM DECISION AND ORDER – 1

## II. BACKGROUND

On March 21, 2026, Immigration and Customs Enforcement ("ICE") encountered Jimenez—a Mexican national—at the Jerome County Jail after his arrest for a DUI offense.

Jail officials later released Jimenez into ICE custody on June 18, 2026, and five days later he was transferred to the Northwest ICE Processing Center located in Tacoma, Washington.

One week after his transfer, Jimenez filed the instant Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order in the District of Idaho. The following day, on July 1, 2026, Jimenez filed a similar habeas petition in the Western District of Washington.

## III. ANALYSIS

This Court lacks jurisdiction to hear Jimenez's petition under 28 U.S.C. § 2241. Generally, this section requires that a habeas petition be brought in the district where the petitioner is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (explaining a petitioner must file in the district of their confinement); *Francis v. Rison*, 894 F.2d 353,354 (9th Cir.1990) ("jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of [petitioner] . . . .").

Thus, while a Court retains jurisdiction if a petitioner is transferred *after* having filed an initial habeas petition, in this circumstance, Jimenez's transfer occurred *before* he made his initial filing. Accordingly, jurisdiction is only proper in the Western District of Washington. In fact, it appears Jimenez recognized this error and for this reason filed a new habeas petition the following day in the Western District of Washington. That petition

is still pending.[2]

In sum, the Court lacks jurisdiction over this case and must dismiss the same.

## IV. ORDER

1. The Government's Motion to Dismiss (Dkt. 5) is GRANTED. The Court lacks jurisdiction to hear Jiminez's Petition in the District of Idaho.

2. This case is CLOSED.

DATED: July 13, 2026

David C. Nye
U.S. District Court Judge

---

[2] While Jimenez is acting pro se in this case, an attorney is representing him in his Washington case.

MEMORANDUM DECISION AND ORDER – 3